UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Donald L. Schablowsky | | |
| Tanna K. Schablowsky | ) | Case No.: 13-31378 |
| | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

## OPINION

This matter having come before the Court on the debtors' Objection to Claim of creditor FLS Physical Therapy Associates, PC and creditor's Response thereto; the Court having reviewed the pleadings, written memoranda of law submitted by the parties, and exhibits of record finds that the Objection to Claim should be sustained.

## FACTS

On February 15, 2008, Donald L. Schablowsky ("Schablowsky") suffered injuries to his right ankle and lower back as a result of an automobile accident caused by Jack Strang. Schablowsky engaged attorney Stephen B. Evans of the Evans Partnership to represent him in his personal injury lawsuit against Jack Strang which was filed as case number 2010-L-66 in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Schablowsky requested physical therapy services from FLS Physical Therapy Associates, P.C., doing business as Monroe Physical Therapy and Sports Medicine ("FLS") and received three courses of physical therapy. Schablowsky related each course of physical therapy to his personal injury case in his registration and authorization forms and provided contact information for the insurance claims agent and his attorney for billing purposes. *See* Exhibits A, B, and C attached to the parties' Stipulation of Facts.

On January 23, 2009, attorney Evans sent a letter to FLS advising that he represented Schablowsky in a pending personal injury action and requesting that FLS forbear collection for its services against Schablowsky until the personal injury action was settled or litigated. *See* Exhibit D attached to the Stipulation of Facts. FLS provided physical therapy services to Schablowsky through September 25, 2009.

In 2010, Schablowsky's personal injury action against Jack Strang was settled for the liability limit of Strang's automobile insurance policy in the amount of $100,000.00. The settlement funds were deposited to the client trust account of attorney Evans. Thereafter, Evans paid his attorney fees and costs, $3,500.00 to Kenneth Hall Regional Hospital, and $29,044.79 to Schablowsky. Evans retained the sum of $34,749.83 ostensibly for the purpose of paying Schablowsky's other medical expenses.

In 2011, attorney Evans converted the $34,749.83 held in his client trust fund account for his own purposes rather than paying Schablowsky's medical expenses. Evans was subsequently prosecuted in the Eastern District of Missouri for crimes, including theft of the $34,749.83 settlement funds. Evans pleaded guilty to the charges and was sentenced to a term of imprisonment. Evans was disbarred by the Illinois Supreme Court in 2013 as a result of his conviction in the Eastern District of Missouri.

As a result of the theft of the settlement funds and Evans' dishonest conduct, Schablowsky filed a claim with the Illinois Attorney Registration and Disciplinary Commission for reimbursement under its Client Protection Program. *See* Exhibit F attached to the Stipulation of Facts. On February 14, 2014, the Illinois Attorney Registration and Disciplinary Commission awarded Schablowsky $34,749.83 from its Client Protection Program. *See* Exhibit G attached to the Stipulation of Facts. As a part of Schablowsky's award order, a separate claim filed by FLS was denied with direction to FLS to seek redress of its claim in Schablowsky's bankruptcy case.

Schablowsky and his wife filed for relief under Chapter 13 of the Bankruptcy Code on July 30, 2013, scheduling FLS as an unsecured creditor. On April 17, 2014, FLS filed a claim in Schablowsky's Chapter 13 case for $10,947.17 which it designated as a secured claim by virtue of a purported statutory lien for medical services. On April 25, 2014, Schablowsky objected to FLS' claim and hearings were held on his objection and the response of FLS. The parties have submitted written briefs on the issues and the matter is now ripe for decision by the Court.

## DISCUSSION AND ANALYSIS

The issue before the Court is whether FLS holds a perfected lien against the proceeds awarded to Schablowsky by the Illinois Attorney Registration and Disciplinary Commission. The award was made from the Client Protection Program Trust Fund which was established to aid individuals who suffered losses caused by dishonest conduct committed by lawyers admitted to practice law in the State of Illinois. Il. Sup. Ct. R. 780. Reimbursements of losses by the program are within the sole discretion of the Disciplinary Commission and are not a matter of right. Il. Sup. Ct. R. 780(c). Third parties have no right to reimbursement under the program either before or after a claim is allowed by the Disciplinary Commission. *Id.* There is no case or statutory authority providing for any type of lien against funds awarded under the Client Protection Program.

The only funds on which FLS could have perfected a lien against were the funds retained by attorney Evans after payment to Schablowsky of his portion of the settlement from Strang's insurance company. Perfection as to the settlement funds retained by Evans is governed by the Illinois Health Care Services Lien Act. 770 ILCS 23/10. The requirements for perfection are found at §10(b) of the Act which states;

> The lien shall include a written notice containing the name and address of the injured person, the date of the injury, the name and address of the health care professional or health care provider, and the name of the

> party alleged to be liable to make compensation to the injured person for the injuries received. The lien notice shall be served on both the injured person and the party against whom the claim or right of action exists. Notwithstanding any other provision of this Act, payment in good faith to any person other than the healthcare professional or healthcare provider claiming or asserting such lien prior to the service of such notice of lien shall, to the extent of the payment so made, bar or prevent the creation of an enforceable lien. Service shall be made by registered or certified mail or in person.

770 ILCS 23/10(b).

In its Memorandum of Law, FLS asserts that it has a perfected lien as prescribed by 770 ILCS 23/10. The necessary elements to perfect a healthcare provider lien are clearly set out in the statute as follows: 1) there must be a written notice; 2) the notice must include the name and address of the injured party; 3) the notice must include the date of the injury giving rise to the care provided; 4) the notice must include the name and address of the healthcare provider; 5) the notice must include the name of the party alleged to be liable to make compensation to the injured party for the injuries received; 6) the written notice must be served upon both the injured party and the person liable for the injuries received; and 7) the written notice must be served either by registered mail, certified mail or in person. 770 ILCS 23/10(b).

Under Illinois law, lien laws are liberally construed to effect the purpose intended by the legislature; however, liens created by statute are limited in operation and extent by the terms of the statute. *See Meier v. Olivero,* 279 Ill.App.3d 630, 665 N.E.2d 858, 216 Ill.Dec. 600 (1996) citing *Watson v. Watson,* 218 Ill.App.3d 397, 578 N.E.2d 275, 161 Ill.Dec. 148 (1991). Strict compliance with the statutory requirements is required for perfection of an interest as against third parties not privy to the relationship between the purported lien holder and the individuals responsible for payment. *In re Estate of Cooper,* 156 Ill.App.3d 270, 509 N.E.2d 582, 108 Ill.Dec. 886 (1987). Therefore, in order to assert a perfected lien on the funds Evans was holding, FLS must have strictly complied with the requirements of the governing statute. *In re Harris,*

2000 WL 33950827 (Bkrtcy.C.D. Ill. 2000) (technical deficiency will not invalidate a lien when the dispute is between a healthcare provider and the injured party alone, but strict compliance with the requirements of the governing statute is required when the rights of third parties are involved).

In examining the documents submitted by the parties, the Court finds that there are only 3 written documents that could serve as a written notice of lien under the governing statute. Those documents are Exhibits A, B, and C (registration forms) attached to the parties' Stipulation of Facts. None of these documents, however, satisfy the necessary requirements for perfection of a healthcare provider lien under 770 ILCS 23/10(b). The documents do not contain the name of the party alleged to be liable to make compensation for Schablowsky's injuries (Jack Strang) nor is there any showing that any of these documents were ever served on Jack Strang in any manner as provided by the statute.

FLS argues that the governing statute does not specify the form or method of serving the written notice of lien. This argument flies in the face of the clear language of the statute which specifies that the lien notice shall be served on both the injured person and the party against whom the claim or right of action exists. and which further specifies that service shall be made by registered mail or certified mail or in person. In short, it is clear that FLS failed to comply with the requirements o 770 ILCS 23/10(b) for perfection of a healthcare provider lien on the settlement funds wrongfully converted by attorney Evans.

While patience is a virtue, in this case patience will, unfortunately, go unrewarded. We could all hope our medical providers would be as gracious and patient as FLS. Unfortunately, the Court is unable to reward FLS for its patient forbearance in collecting directly from Schablowsky. The payment for which FLS seeks recovery stems from injuries sustained by Schablowssky as a result of the conduct of Jack Strang. The payment made from the Illinois Attorney Registration

and Disciplinary Commission to Schablowsky was for injuries caused by Attorney Evans to Schablowsky. FLS did not provide medical services related to the injury caused by Evans, and as explained above, there was simply no allowable lien on the funds paid by the Illinois Attorney and Disciplinary Commission for Evans' injury. The only funds from which FLS *could* have sought recovery are the settlement funds that were paid to Schablowsky for injuries that resulted from the conduct of Jack Strang. FLS, however, failed to perfect its lien on those funds.

Accordingly, for the reasons stated, the secured claim filed by FLS must be disallowed. The Court does find, based on the facts, that FLS has an allowed unsecured claim in the amount of $10,947.17.

See Order entered this date.

ENTERED: August 28, 2014

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE/6